# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2019

Lyle W. Cayce
Clerk

THOMAS DEWAYNE ELLASON,

Plaintiff-Appellant

v.

DOCTOR MARCIA J. ODALL; DOCTOR LVN NFN POORE; DOCTOR LVN STEWARD; DOCTOR LVN NFN ISLEY; DOCTOR JOSEPH MICHAEL EASTRIDGE; DOCTOR NEFERTITI WEAVER-BORDEN; DOCTOR CHRISTINA OGUNLEYE; DOCTOR BENJAMIN LEEAH,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:14-CV-72

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Thomas DeWayne Ellason, Texas prisoner # 600129, filed a civil rights action under 42 U.S.C. § 1983 against several individuals associated with the J.V. Allred Unit of the Texas Department of Criminal Justice (TDCJ) and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11227

Texas Tech University Health Science Center (TTUHSC).    He alleged inadequate medical care.

The district court granted the defendants' motion for summary judgment, denied Ellason's motion for summary judgment, and dismissed the action.  To the extent Ellason alleged negligence under state law, his claims were dismissed without prejudice.  The federal constitutional claims were dismissed with prejudice based on the defendants' qualified immunity and Ellason's failure to show that the defendants were deliberately indifferent to his medical needs.  Claims under the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA), were dismissed for Ellason's failure to allege facts to support them.  Claims based on a contract between the TDCJ and the TTUHSC were dismissed as frivolous because Ellason is not a party or beneficiary of the contract.

We denied Ellason leave to appeal in forma pauperis (IFP) because he was barred from doing so by the three-strikes provision of 28 U.S.C. § 1915(g). He paid the filing fee.

Ellason asserts that the defendants, all of whom are health care providers, failed to provide proper medical footwear, refused to properly treat his pain, failed to provide TENS (Transcutaneous Electrical Nerve Stimulation) therapy, denied necessary surgery on his back and wrist, discriminated against him due to his various disabilities, and generally failed to provide adequate health care.  The uncontested summary judgment evidence shows that Ellason's extensive and well-documented examinations and treatments were at least objectively reasonable for purposes of qualified immunity and in no way a manifestation of deliberate indifference to any serious medical need.  *See Hathaway v. Bazany*, 507 F.3d 312, 319-20 (5th Cir. 2007); *Gobert v. Caldwell*, 463 F.3d 339, 345-51 (5th Cir. 2006).  In addition,

No. 17-11227

Ellason's conclusional assertions including those based on the ADA, the RA, and the TDCJ's contract with TTUHSC are legally frivolous. *See Hathaway*, 507 F.3d at 319; *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Accordingly the appeal is DISMISSED AS FRIVOLOUS.

Additionally, Ellason also filed a "Motion Requesting Final Summary Judgment . . . Because Appellees Have Procedurally Defaulted." This motion lacks any legal or factual basis and is DENIED. Ellason also moves for appointment of counsel. That motion is also DENIED. All other motions or requests for relief are DENIED.

Ellason is already barred from proceeding IFP under § 1915(g). He is further WARNED that the filing of additional frivolous pleadings will subject him to more sanctions in the form of monetary penalties and limits on his access to federal court.